PER CURIAM
*737 Defendant appeals a judgment of conviction for racketeering (Count 1), and unlawful delivery of methamphetamine (Counts 3 through 11). Defendant assigns error to several aspects of his sentencing. The state concedes the error on two of those assignments. We write to address only the assignments of error on which the state concedes. Because we must remand the case for resentencing based on those errors, we do not address the remainder of defendant's assignments of error to his sentencing. Additionally, we reject without discussion defendant's assignments of error challenging his convictions.
In his second assignment of error, defendant argues that the trial court plainly erred by "improperly reconstitut[ing] defendant's criminal history score on Count 4." Defendant's criminal history score was "F" at the beginning of the case, but, once the court imposed sentence for Count 1 (racketeering) and Count 3 (delivery), the court recalculated defendant's criminal history score to "E" for Count 4. Defendant argues that that was impermissible because Count 4 occurred during the same criminal episode as Count 1, which included each of the other counts as predicate acts for that racketeering charge. See State v. Ortega-Gonsalez , 287 Or. App. 526, 536-37, 404 P.3d 1081 (2017) (racketeering conviction could not be used for purposes of calculating criminal history score on convictions that made up the predicate acts for *587 the racketeering conviction because those crimes are part of the same criminal episode). The state concedes that the trial court plainly erred with respect to Count 4 because, under Ortega-Gonsalez , the trial court could not include the racketeering conviction in defendant's criminal history score for purposes of imposing sentence on Count 4.
Similarly, in his fourth assignment of error, defendant argues that the trial court plainly erred when it "failed to shift defendant's criminal history score to 'I' on Count 4 when imposing a consecutive sentence on that count" because it arose during the same criminal episode as Count 1. The state also concedes that the trial court plainly erred *738 in imposing the sentence on Count 4, based on Ortega-Gonsalez .
We agree with and accept the state's concessions that the trial court plainly erred in imposing the sentence on Count 4, as discussed above. Additionally, we conclude that we should exercise our discretion to correct the plain error for the reasons discussed in State v. Sosa , 224 Or. App. 658, 665, 199 P.3d 346 (2008) -viz ., the gravity of the error and "whether the trial court could have imposed, or might impose on remand, the same total number of months' incarceration is not 'certain.' " Because that conclusion requires a remand for resentencing of the case, we do not address whether the trial court committed additional sentencing errors with respect to the other counts as argued by defendant.
Remanded for resentencing; otherwise affirmed.